UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS LEE HENDERSON, | Case No. 1:13 cv 00287 LJO GSA PC |
| Plaintiff, | |
| vs. | ORDER DISMISSING COMPLAINT AND GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT |
| DR. SMITH, et al., | |
| Defendants | AMENDED COMPLAINT DUE IN THIRTY DAYS |

I.      **Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this Court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  <u>Swierkiewicz</u>, 534 U.S. at 512.  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations."  <u>Neitze v. Williams</u>, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled."  <u>Bruns v. Nat'l Credit Union Admin.</u>, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.    <u>Plaintiff's Claims</u>

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Mule Creek State Prison, brings this civil rights action against defendant correctional officials employed by the CDCR at Corcoran State Prison.  Plaintiff names the following individual defendants:  David Smith, M.D.; Dr. Jackson, M.D.; Dr. Brown, M.D.; Registered Nurse Powel; Licensed Vocational Nurse (LVN) Morris; LVN Gonsalez; LVN Matha.

Plaintiff suffered injuries as a result of a disturbance at Corcoran on May 31, 2011.  Plaintiff suffered a broken cheek bone and underwent 2 hours of reconstructive surgery.  Plaintiff also lost a number of teeth and fractured his clavicle.  Plaintiff alleges that he did not receive medical treatment for six months, despite his "request and pleading" to staff.

On November 9, 2011, Plaintiff underwent surgery.  Plaintiff had "an open reduction and internal fixation of non-union, right clavicle fracture, utilizing five hole reconstruction plate and allograft bone graft."  On November 19, 2011, the staples were removed from Plaintiff's clavicle.  Plaintiff alleges that "the LVN pushed hard on my clavicle causing two of the screws to come

out of the bone.  I was in extreme pain and could not move my arm x-ray revealed that the two lateral screws had came out and the plate was displaced off the clavicle."

On December 7, 2011, Plaintiff underwent a second surgery to reposition the screws. Plaintiff alleges that during the surgery, "something went wrong."  Plaintiff went into respiratory distress, and was transported to Kaweah Delta Hospital.  The ambulance was involved in a collision.  Upon arrival, Plaintiff underwent a third surgery, to repair a damaged lung, and was admitted to the cardiac care unit.  Plaintiff was in the intensive care unit for three days, and returned to the prison hospital for thirty days.

Plaintiff alleges that he was still in extreme pain, as the screws again came loose, and "were pushing out of my bone and attempting to come through my skin."   On December 22, 2011, an x-ray revealed that the screws had indeed come loose.  Plaintiff requested that a doctor remove the screws because of the extreme pain he was in.  Dr. Smith removed the screws on June 28, 2012.  Plaintiff was in extreme pain for six months prior to the removal.   Plaintiff alleges that "for those 6 months I was in extreme pain.  During this time I spoke personally with each of the defendants and attempted to obtain adequate medical care.  Dr. Smith told me he could not give me any medication to control the pain."

Plaintiff alleges that he spoke to Dr. Jackson, who "laughed at me," and that he spoke to Defendant Matha,"and told her that I needed to see a doctor for my pain and have the hardware removed from my clavicle.  She stated that 'I should deal with it' and "I don't need medication." When Plaintiff spoke to Defendant Gonsalez, she told Plaintiff that he was done, and did not want to see him at the clinic again.

After a fourth surgery, Plaintiff was again assaulted by another inmate.  As a result, the staples at the infection site came apart, and Plaintiff's wound sight became infected.  Plaintiff alleges that on July 21, 2012, "I was attempting to get a dressing change on my clavicle, while Nurse Nalett changed by dressing, the Defendant Morris came out of the storage room, yelling at the top of her lungs stating I can't get any more dressing changes because supplies cost too much to be wasted on me."   Defendant Morris began yelling at the nurse who was changing Plaintiff's

dressing.  The yelling was so loud that other officers came in to calm Defendant Morris down.

Plaintiff alleges that Morris's conduct was in retaliation for complaints Plaintiff filed regarding

medical staff.

Plaintiff was seen by Defendant Dr. Brown and "pleaded with her for medical care

including pain medication, a soft food diet and surgery to have the hardware removed but she did

nothing to help me."  Plaintiff then met Defendant Powel at the work change gate "and informed

her that all of my administrative appeals were granted for adequate medical treatment and that

the Medical Narcotics Board approved my request for 30 mg of morphine for pain twice a day."

Plaintiff alleges that as he and Powel walked toward the clinic together, Defendants Jackson,

Gonsalez and Morris were present.  Gonsalez told Plaintiff that "she instructed Defendant

Jackson to prescriby Tylenol 3 on 2/5/2013 and that was it."  Powel told Plaintiff that "she

wouldn't help if she could because the other Defendant didn't like the fact that I complained

about the treatment."  Plaintiff explained to Defendants Gonsalez and Matha that "it had already

been determined that staff violated policy and that the current medication makes me itch."

A.      **Medical Care**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an

inmate must show 'deliberate indifference to serious medical needs.'"  Jett v. Penner, 439 F.3d

1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)).

The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical

need' by demonstrating that 'failure to treat a prisoner's condition could result in further

significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's

response to the need was deliberately indifferent."  Jett, 439 F.3d at 1096 (quoting McGuckin v.

Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v.

Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate

indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible

medical need, and harm caused by the indifference."  Id. (citing McGuckin, 974 F.2d at 1060).

Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to

further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

Here, the Court finds Plaintiff's allegations to be vague. Plaintiff sets forth a generalized allegation regarding his health care, and names individual defendants. To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

Although Plaintiff has sufficiently alleged a serious medical condition, his allegations regarding his medical care appear to allege a disagreement with his course of treatment. Although Plaintiff arrives at the conclusion that defendants failed to treat him, he fails to specifically allege any facts indicating a complete lack of treatment. Plaintiff's central grievance appears to be a disagreement with the pain medication. That Plaintiff was prescribed Tylenol 3 instead of Morphine does not state a claim for relief. Mere difference of opinion between a prisoner and prison medical staff as to appropriate medical care does not give rise to a section 1983 claim. Hatton v. Arpaio, 217 F.3d 845 (9th Cir. 2000); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). Further, Plaintiff appears to challenge the decision not to remove the surgical hardware. Plaintiff does not specifically allege facts indicating that the

surgical hardware was intended to be temporary, or that a physician or other medical professional indicated that removal of such hardware was medically indicated.

Plaintiff has not specifically charged each defendant with conduct indicating that they knew of and disregarded a serious risk to Plaintiff's health, resulting in injury to Plaintiff. Plaintiff may not hold defendants liable simply by alleging a serious medical condition and then charge defendants with the vague allegation that they neglected his condition. Plaintiff must allege facts indicating that each defendant was aware of a specific harm to Plaintiff, and acted with deliberate indifference to that harm. Plaintiff has failed to do so here. The complaint should therefore be dismissed.

### B.    Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a 1983 claim. Rizzo v. Dawson, 778 F.2d 5527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

An allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is sufficient to support a claim under section 1983. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003). The Court must "'afford appropriate deference and flexibility' to prison officials in the evaluation of proffered legitimate penological reasons for conduct alleged to be retaliatory." Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995)(quoting Sandin v. Conner, 515 U.S. 472, 482 (1995)). The burden is on Plaintiff to demonstrate "that there were  no legitimate correctional purposes motivating the actions he complains of." Pratt, 65 F.3d at 808.

The Court finds Plaintiff's allegations to be vague.  Plaintiff assumes that because Defendant Powel told him that she wouldn't help him if she could because he complained to others about his medical care, he fails to allege any specific action that Defendant Powel took that was adverse to Plaintiff because of his filing of inmate grievances.  A mere verbal statement that "she wouldn't help Plaintiff if she could" is insufficient to hold Defendant Powel liable under the First Amendment.   The only specific conduct that could be inferred is that Powel walked part of the way to the clinic with Plaintiff, and that Plaintiff was prescribed Tylenol 3 and not Morphine.  As noted above, there are no facts alleged that Powel, or any other Defendant, acted contrary to orders of a medical professional.  This claim should therefore be dismissed.  Plaintiff will, however, be granted leave to file an amended complaint.

Plaintiff need not, however, set forth legal arguments in support of his claims.  In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law.   Plaintiff should state clearly, in his or her own words, what happened. Plaintiff must describe what each defendant, *by name*, did to violate the particular right described by Plaintiff.   Plaintiff has failed to do so here.

### III.   Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims Upon which relief may be granted under section 1983.  The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88.  Although accepted as true, the "[f]actual allegations must

be [sufficient] to raise a right to relief above the speculative level . . . ." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 554 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, <u>Forsyth v. Humana, Inc.</u>, 114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  <u>King</u>, 814 F.2d at 567 (citing to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); <u>accord Forsyth</u>, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.      Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

2.      The Clerk's Office shall send to Plaintiff a complaint form;

3.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

4.      Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

5.      If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **May 8, 2014**

**/s/ Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE

8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

9