UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS LEE HENDERSON,<br><br>             Plaintiff,<br><br>       vs.<br><br>SMITH, et al.,<br><br>             Defendants. | 1:13-cv-00287-LJO-GSA-PC<br><br>ORDER DENYING MOTION FOR RECONSIDERATION OF MAGISTRATE JUDGE'S ORDER<br>(Doc. 21.)<br><br>ORDER FOR PLAINTIFF TO COMPLY WITH MAGISTRATE JUDGE'S ORDER OF MAY 8, 2014 |

## I.     BACKGROUND

Curtis Lee Henderson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on February 27, 2013.  (Doc. 1.)  The Magistrate Judge screened the Complaint pursuant to 28 U.S.C. § 1915A and issued an order on May 8, 2014, dismissing the Complaint for failure to state a claim, with leave to amend.  (Doc. 20.)  Plaintiff was granted thirty days in which to file an amended complaint.  (Id.)

On May 19, 2014, Plaintiff filed objections to the Magistrate Judge's order of May 8, 2014, directed to the District Judge.  (Doc. 21.)  The court construes Plaintiff's objections as a motion for reconsideration by the District Judge.

## II. MOTION FOR RECONSIDERATION BY DISTRICT JUDGE

### A. Legal Standard

Local Rule 303 provides that "[a] party seeking reconsideration of the Magistrate Judge's ruling shall file a request for reconsideration by a Judge . . . specifically designat[ing] the ruling, or party thereof, objected to and the basis for that objection.  This request shall be captioned 'Request for Reconsideration by the District Court of Magistrate Judge's Ruling.'" Local Rule 303(c).  "The standard that the assigned Judge shall use in all such requests is the 'clearly erroneous or contrary to law' standard set forth in 28 U.S.C. § 636(b)(1)(A)." Local Rule 303(f).

### B. Plaintiff's Objections

Plaintiff argues that the Magistrate Judge lacked jurisdiction to issue the order dismissing his complaint with leave to amend, because Plaintiff has not consented to the jurisdiction of a Magistrate Judge in this case.  Plaintiff argues that the Magistrate Judge should have issued findings and recommendations for the consideration of the District Judge.  Plaintiff asserts that the "district court may resolve the case differently." (Objections, Doc. 21 at 1.)

### C. Discussion

28 U.S.C. § 636(b)(1)(A),(B) provides that:

> (A) a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief may be granted, and to involuntarily dismiss an action.  A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.
>
> (B) a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion, excepted in subparagraph (A), of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.

///

///

Plaintiff was informed in the Magistrate Judge's order that "[t]his proceeding was referred to this Court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1)." (Doc. 20 at 1:16-17.) As a result of this referral, the Magistrate Judge was authorized to screen Plaintiff's Complaint under 28 U.S.C. § 1915A and dismiss the Complaint with leave to amend. Plaintiff's decision to consent to or decline Magistrate Judge jurisdiction does not affect the referral of this case to the Magistrate Judge for pretrial, non-dispositive matters, and the order of May 8, 2014, is not dispositive. Therefore, the court does not find that the Magistrate Judge's issuance of the order of May 8, 2014, was clearly erroneous or contrary to law under 28 U.S.C. § 636(b)(1)(A), and Plaintiff's motion for reconsideration shall be denied.

## III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration of the Magistrate Judge's order issued on May 8, 2014, is DENIED; and
2. Plaintiff is required to comply with the Magistrate Judge's order of May 8, 2014.

IT IS SO ORDERED.

Dated:   **May 21, 2014**           **/s/ Lawrence J. O'Neill**
                                     UNITED STATES DISTRICT JUDGE