UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS LEE HENDERSON, SR.,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>DR. SMITH, et al.,<br><br>　　　　Defendants. | 1:13-cv-00287-LJO-GSA-PC<br><br>ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS ISSUED ON JUNE 24, 2015<br>(ECF No. 28.)<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND WITHIN THIRTY DAYS |

　　　　Curtis Lee Henderson, Sr. ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On June 24, 2015, findings and recommendations were entered, recommending that this case be dismissed, with prejudice, for Plaintiff's failure to state a claim. (ECF No. 28.) On July 9, 2015, Plaintiff filed objections to the findings and recommendations. (ECF No. 29.)

　　　　In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and proper

analysis. However, upon consideration of Plaintiff's objections, the court finds that Plaintiff should be allowed one more opportunity to amend the complaint to cure the deficiencies in his medical claim.

Plaintiff alleges in the First Amended Complaint that he was not provided with adequate medical care for injuries arising from an assault. The Magistrate Judge found that while Plaintiff demonstrated that he had a serious medical need, he failed to show that any individual Defendant acted against him with deliberate indifference. The Magistrate Judge found that the deficiencies in the First Amended Complaint were not capable of being cured by amendment, and therefore further leave to amend should not be granted.

In his objections, Plaintiff argues that the delays in his medical care, and Defendants' interference with his treatment ordered by an outside doctor, caused him to unnecessarily suffer extreme pain, constituting deliberate indifference by Defendants. Plaintiff alleges that he did not receive any medical treatment for six months for a broken clavicle that should have been re-set, despite his requests.

Plaintiff may be able to state a medical claim. However, to state a claim under § 1983, Plaintiff must state what each named Defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff must allege facts showing that each individual Defendant *personally* acted, participated in another's affirmative acts, or omitted to perform an act which he or she was legally required to do, causing Plaintiff's deprivation. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (emphasis added). Although accepted as true, Plaintiff's "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007) (citations omitted). Plaintiff shall be granted another opportunity to amend the complaint.

Accordingly, based on the foregoing, IT IS HEREBY ORDERED that:

1. The findings and recommendations issued on June 24, 2015, are adopted in part;

2. Plaintiff's First Amended Complaint is dismissed for failure to state a claim, with leave to amend;

3.  Within thirty days of the date of service of this order, Plaintiff shall file a Second Amended Complaint, signed under penalty of perjury, referring to case number 1:13-cv-00287-LJO-GSA-PC;

4.  The Clerk of Court shall send Plaintiff an amended complaint form;

5.  If Plaintiff fails to comply with this order, this case shall be dismissed for failure to state a claim; and

6.  This case is referred back to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

Dated: **August 3, 2015**          **/s/ Lawrence J. O'Neill**
                                    UNITED STATES DISTRICT JUDGE