# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS LEE HENDERSON,<br><br>    Plaintiff,<br><br>    v.<br><br>DR. SMITH, et al.,<br><br>    Defendants. | Case No. 1:13-cv-00287-LJO-SAB-PC<br><br>FINDINGS AND RECOMMENDATION THAT THIS ACTION PROCEED AGAINST DEFENDANTS JACKSON AND SMITH ON PLAINTIFF'S EIGHTH AMENDMENT CLAIM AND THAT THE REMAINING CLAIMS AND DEFENDANTS BE DISMISSED<br><br>OBJECTIONS DUE IN THIRTY DAYS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302.

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Mule Creek State Prison, brings this action against correctional officials employed by the CDCR at the Substance Abuse Treatment Facility at Corcoran (SATF), where the events at issue occurred. Plaintiff claims that Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.

## I.

## PROCEDURAL HISTORY

Plaintiff filed this action on February 27, 2013. On May 8, 2014, an order was entered,

1 dismissing the complaint and granting Plaintiff leave to file an amended complaint (ECF No. 20.)  Plaintiff failed to file an amended complaint, and a recommendation of dismissal was entered.  On July 16, 2014, Plaintiff filed a first amended complaint. On July 25, 2014, the recommendation of dismissal was vacated.  On June 24, 2015, findings and recommendations were entered, recommending dismissal of this action for failure to state a claim upon which relief could be granted. (ECF No. 28.)  The Court found that the July 16, 2014, first amended complaint failed to correct the deficiencies identified on the order dismissing the original complaint.  The Court found that Plaintiff failed to state a claim for deliberate indifference to his serious medical needs.  Plaintiff filed objections, and on August 3, 2015, an order was entered by the District Court, adopting in part the findings and recommendations.

In his objections, Plaintiff alleged that there were delays in his medical care, and Defendants' interference with his treatment ordered by an outside doctor, caused him to unnecessarily suffer extreme pain, constituting deliberate indifference by Defendants.  Plaintiff also alleged that he did not receive any medical treatment for a broken clavicle that should have been reset, despite his requests.  The District Court adopted the June 24, 2015, findings and recommendations in part.  Plaintiff's first amended complaint was dismissed for failure to state a claim, with leave to file a second amended complaint.  On August 24, 2015, Plaintiff filed the second amended complaint that is before the Court.  In the second amended complaint, Plaintiff names as Defendants the following individuals: Dr. Smith; Dr. Jackson; Licensed Vocational Nurse (LVN) Gonzalez; LVN Mata; MVN Morris.

## II.

## ALLEGATIONS

Plaintiff alleges that on May 31, 2011, he was injured when a riot occurred at CSP Corcoran.  Plaintiff was taken to San Joaquin Community Hospital and underwent surgery to reconstruct his right cheek bone.  Plaintiff also lost several teeth and suffered a broken clavicle. On June 1, 2011, Dr. Ayad ordered that Plaintiff undergo an operation to re-set Plaintiff's clavicle within two weeks. Plaintiff alleges that an appointment was scheduled with Dr. Clement at Pacific Orthopedic in Bakersfield on June 15, 2011.

1  When Plaintiff was returned to the prison, Dr. Jackson was assigned as his primary care provider. Plaintiff alleges that Dr. Jackson refused to follow the treatment plan outlined by Dr. Ayad. Plaintiff alleges that for six months, he "walked around the prison yard with a broken clavicle not only was Henderson under dangerous living condition but he had no use of his right arm it was very painful to do every day mundane task showering, tying his shoes, eating all became harder to do." (Am. Compl. p. 4.) Plaintiff alleges that from May 31, 2011 through November 9, 2011 he did not receive any medical treatment for his broken clavicle.

Plaintiff alleges that on November 9, 2011, he underwent surgery. Plaintiff alleges that the procedure was an "open reduction, internal fixation of non-union right clavicle fracture utilizing five hole reconstructive plate and a bone graft." (Id. p. 6.) On November 19, 2011, the staples were removed from Plaintiff's wound. Plaintiff alleges that "the LVN pushed extremely hard on Henderson's clavicle causing two of the four lateral screws to strip the bone and back out." (Id. p. 6.)

Plaintiff alleges that because the screws backed out, it caused him extreme pain and he pleaded with Dr. Jackson to admit him to the hospital for emergency surgery. Dr. Jackson refused to admit Plaintiff to the hospital. On November 22, 2011, Plaintiff was seen by Dr. Smith. X-rays revealed that the screws had backed out of the bone. Dr. Smith told Plaintiff to "deal with the pain a while longer, that he was tough." (Id. p. 7.) Plaintiff alleges that he remained in this condition for 18 days.

On December 7, 2011, Plaintiff was admitted to Corcoran District Hospital because the screws had backed all the way out and the plate was displaced off the clavicle. Plaintiff alleges that he underwent a bone graft because the screws "tore through" the bone.

Plaintiff alleges that during the operation, Defendant Dr. Smith damaged Plaintiff's lung. Plaintiff alleges that Dr. Smith "attempted to cover up that fact by sending Plaintiff back to the prison without being certain that he was stable after surgery." (Id. p. 7.) Plaintiff alleges that when he returned to the prison, his right lung filled up with blood and he was coughing up blood. Plaintiff was immediately transferred to Kaweah Delta Hospital. Plaintiff alleges that on the way to the hospital, the ambulance was involved in a collision, which caused Plaintiff to lose

consciousness and lose blood.  Plaintiff alleges that it was discovered that during Plaintiff's clavicle surgery, Dr. Smith damaged Plaintiff's lung, causing Plaintiff to suffer hemotysis. Plaintiff underwent surgery to repair his right lung, spending 2 days in cardiac care and 3 days in intensive care.   Plaintiff alleges that when he was returned to the prison he was hospitalized for 30 days.

Plaintiff alleges that he was still in extreme pain, and "the two lateral screws were pushing out of the bone and attempting to come through the incision." (Id. p. 9.)  On December 22, 2011, x-rays revealed that the two lateral crews were out of the bone.  Plaintiff requested that the screws be removed by another doctor because of what happened when Dr. Smith performed the last surgery.  Plaintiff alleges that Dr. Smith denied the request, and Plaintiff had to wait another 6 months for surgery.  During this time, Plaintiff alleges that the screws backed out of his clavicle, and came through the top of Plaintiff's surgical scar.  Plaintiff alleges that Defendant LVNs Mata and Gonsalez also denied his request to have a different doctor perform the surgery.

On June 28, 2012, Plaintiff underwent surgery to remove the screws.  On July 21, 2012, Plaintiff was called to the clinic for a dressing change.  Plaintiff alleges that the wound had become infected and was discharging pus in large amounts. Registered Nurse Nalett cleaned the wound and changed the dressing.  While she was doing this, Defendant LVN Morris yelled at Plaintiff, telling him that he couldn't get any more dressing changed because of the cost of supplies.  Defendant Morris also yelled at RN Nalett.  Sergeant Herberling than came in and calmed Defendant Morris down.  Plaintiff alleges because he was in fear of Defendant Morrison, he did not return to the clinic, and had other inmates change his dressing.

### III.

### ANALYSIS

**A.  Medical Care**

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of

"deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)(quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  The two part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096.  A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994).  "Deliberate indifference is a high legal standard," Simmons v. Navajo County Ariz., 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. Jett, 439 F.3d at 1096.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980)(citing Estelle, 429 U.S. at 105-106).  "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995).  Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).  Additionally, a prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

The Court finds that, as noted in Plaintiff's objections and in the order granting Plaintiff one further opportunity to amend, Plaintiff has alleged facts indicating a delay in medical treatment and interference with treatment prescribed by medical officials at a private hospital. Plaintiff has alleged that Dr. Jackson, his primary care physician, disregarded orders to return

1 Plaintiff to the hospital for surgery on his broken clavicle, resulting in a six month delay. 2 Plaintiff has alleged facts that the delay caused him injury, as he suffered from a broken clavicle 3 for six months.  Plaintiff has alleged that, after the December 22, 2011, x-rays revealed that the 4 lateral screws had come out of the bone and he requested a physician other than Dr. Smith 5 perform the surgery, Dr. Smith waited six months to perform the surgery.  Plaintiff has also 6 alleged that on November 22, 2011, x-rays revealed that the screws had backed out of the bone, 7 and that Dr. Smith told Plaintiff to "deal with the pain a while longer, that he was tough." 8 Plaintiff has therefore stated a claim for relief against Dr. Smith and Dr. Jackson for deliberate 9 indifference to his serious medical needs in violation of the Eighth Amendment.

10 Plaintiff alleges that after his dressing change on November 19, 2011, he presented to Dr. 11 Jackson with complaints of pain.  The allegations of the complaint indicate that on November 22, 12 2011, x-rays revealed that the screws had backed out of the bone.  There was no objectively 13 serious medical condition that Dr. Jackson was aware of on November 19th, other than 14 Plaintiff's complaint of pain.  Plaintiff was seen three days later.  This allegation therefore fails 15 to state a claim against Dr. Jackson.

16 Regarding Plaintiff's allegation that Dr. Smith damaged Plaintiff's lung during the 17 December 7, 2011, surgery, and that he covered it up by sending Plaintiff back to the prison 18 hospital, Plaintiff has failed to state a claim for relief.  There are no facts alleged indicating that 19 Dr. Smith intentionally punctured Plaintiff's lung, or was aware that it had been punctured.  That 20 Dr. Smith should have been aware would subject him to negligence.  As noted, facts alleging 21 even gross negligence fail to state a claim for relief under the Eighth Amendment.

22 Regarding Plaintiff's allegation that had Defendants Smith and Jackson not delayed his 23 medical treatment, he would not have been in a vehicle accident in the ambulance.  In order to 24 establish a claim for damages against and individual prison official under § 1983, a plaintiff must 25 set forth facts showing that the specific prison official's deliberate indifference was the "actual 26 and proximate cause" of the deprivation of the plaintiff's Eighth Amendment rights.  Leer v. 27 Murphy, 844 F.2d 628, 634 (9th Cir. 1988).  Even the most liberal construction of the complaint 28 does not allege that Defendants Jackson or Smith caused the ambulance to crash into another

vehicle. A delay in treatment does not subject an individual to liability for injury to Plaintiff caused by subsequent events.

Regarding Defendants LVN Mata and LVN Gonsalez, Plaintiff's allegation that they refused his request to have a physician other than Dr. Smith perform the surgery fails to state a claim for relief. Plaintiff has not alleged any facts suggesting that either Defendant had the authority to decide which surgeon would perform Plaintiff's surgery. Defendants Mata and Gonsalez should therefore be dismissed.

Plaintiff's allegation that Defendant LVN Morris yelled at Plaintiff during his dressing change fails to state a claim for relief. Plaintiff alleges that RN Halett cleaned the wound and performed the dressing change. That Defendant Morris yelled at Plaintiff does not constitute an Eighth Amendment violation. Allegations of threats and harassment do not state a cognizable claim under 42 U.S.C. § 1983. See Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996)(assaultive comments by prison guard not enough to implicate Eighth Amendment); Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987)(mere threat does not constitute constitutional wrong).

Plaintiff's allegations that he had other inmates change his dressing because he was afraid of LVN Morris also fail to state a claim. That Plaintiff feared LVN Morris because of her verbal conduct does not subject her to liability for deliberate indifference to Plaintiff's serious medical needs. Plaintiff has not alleged any facts indicating that Defendant Morris failed to provide treatment to Plaintiff, or actually prohibited Plaintiff from receiving any treatment. The allegations indicate that on the date that LVN Morris yelled at Plaintiff, Nurse Halett cleaned and dressed Plaintiff's wound. Plaintiff does not allege any facts indicating that on any subsequent occasion, Defendant Morris was presented with a serious medical condition of Plaintiff's, or that Defendant Morris acted with deliberate indifference to that condition. Defendant Morris should therefore be dismissed from this action for Plaintiff's failure to state a claim.

**B.  State Law Claim**

Plaintiff also sets forth a claim under California Government Code section 845.6 for Defendants' failure to timely provide him with adequate medical care. Because Plaintiff has stated a federal claim for relief under 42 U.S.C. § 1983, supplemental jurisdiction exists over

Plaintiff's state law claim

## IV.

## CONCLUSION AND RECOMMENDATION

Plaintiff was previously notified of the applicable legal standards and the deficiencies in his pleadings, and despite guidance from the Court, Plaintiff's second amended fails to state a claim against Defendants Gonsalez, Mata and Morris. Plaintiff also fails to state a claim against Defendants Jackson and Smith for the ambulance crash, Dr. Jackson's November 19, 2011, examination of Plaintiff, or Dr. Smith's conduct during the December 7, 2011, surgery. Based upon the allegations in Plaintiff's original complaint, first amended complaint, and second amended complaint, the Court is persuaded that Plaintiff is unable to allege any additional facts that would support a claim for relief, and further amendment would be futile. See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may not deny leave to amend when amendment would be futile.") Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th. Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. This action proceed on the August 24, 2015, second amended complaint against Defendants Jackson and Smith for interference with Plaintiff's prescribed treatment and delay in medical care, in violation of the Eighth Amendment;

2. Defendants Gonsalez, Mata and Morris be dismissed for Plaintiff's failure to state a claim against them;

3. Plaintiff's claims against Dr. Smith and Dr. Jackson for the ambulance crash, against Dr. Jackson for the November 19, 2011, examination of Plaintiff, and against Dr. Smith for the December 7, 2011, surgery be dismissed for Plaintiff's failure to state a claim.

4. This action be referred to the Magistrate Judge for service of process of the August 24, 2015, second amended complaint on Defendants Jackson and Smith.

These findings and recommendations will be submitted to the United States District

Judge assigned to the case, pursuant to the provision of 28 U.S.C. §636 (b)(1)(B). Within **thirty (30)** days after being served with these Finding and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.2d F.3d 834, 838-39 (9th Cir. 2014)(citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 11, 2016**

UNITED STATES MAGISTRATE JUDGE