UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS LEE HENDERSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DR. SMITH, et al.,<br><br>　　　　　Defendants. | Case No.: 1:13-cv-00287-LJO-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING TO GRANT DEFENDANT'S MOTION TO REVOKE PLAINTIFF'S IN FORMA PAUPERIS STATUS<br><br>(ECF No. 44) |

　　　　Plaintiff Curtis Lee Henderson is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  Currently before the Court is Defendants' motion to revoke Plaintiff's in forma pauperis and request to dismiss the action pending Plaintiff's payment of the filing fee, filed July 20, 2016.

**I.**

**PROCEDURAL BACKGROUND**

　　　　This action is proceeding on the August 24, 2015, second amended complaint against Defendants Jackson and Smith for interference with Plaintiff's prescribed treatment and delay in medical care, in violation of the Eighth Amendment.  The Court order service of the second amended complaint on Defendants.  On July 19, 2016, Defendants filed the motion to revoke Plaintiff's in

forma pauperis status that is now before the Court. (ECF No. 44.) On August 4, 2016, Plaintiff filed opposition to the motion. (ECF No.46.) On August 9, 2016, Defendants filed a reply (ECF No. 47.)

## II.

## DISCUSSION

Defendants contend that prior to filing this action, Plaintiff brought no less than three actions while incarcerated that were dismissed for failing to state a claim upon which relief may be granted, and Defendant requests that Plaintiff's in forma pauperis status be revoked and he be required to pay the $400.00 filing fee.

### A.    Legal Standard

The Prison Litigation Reform Act of 1995 (PRLA) was enacted "to curb frivolous prisoner complaints and appeals." Silva v. Di Vittorio, 658 F.3d 1090, 1099-1100 (9th Cir. 2011). 28 U.S.C. § 1915(g) provides that "[I]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." "[I]f the language of a statute is clear, we look no further than that language in determining the statute's meaning," unless "what seems to be the plain meaning of the statute . . . lead[s] to absurd or impracticable consequences." Seattle-First Nat'l Bank v. Conaway, 98 F.3d 1195, 1197 (9th Cir. 1996) (internal quotations and citations omitted).

In Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005), the Ninth Circuit explained, "The PLRA does not define the terms 'frivolous,' or 'malicious,' nor does it define dismissals for failure to 'state a claim upon which relief could be granted'… We have held that the phrase 'fails to state a claim on which relief may be granted,' as used elsewhere in § 1915, 'parallels the language of Federal Rule of Civil Procedure 12(b)(6)." In defining the terms frivolous and malicious, the Andrews court held, "[W]e look to their 'ordinary, contemporary, common meaning.'…Thus, a case is frivolous if it is 'of little weight or importance: having no basis in law or fact'…A case is malicious if it was filed with the 'intention or desire to harm another'". Andrews, 398 F.3d at 1121 (internal quotations and citations omitted).

The Andrews court further noted, "[n]ot all unsuccessful cases qualify as a strike under § 1915(g).  Rather, § 1915(g) should be used to deny a prisoner's *IFP* status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim."  Id. at 1121.  In making the determination whether a dismissal counts as a strike, it is the substance of the dismissal which is determinative, not the styling of the dismissal.  El-Shaddai v. Zamora, No. 13-56104, __ F.3d __, 2016 WL 4254980, at *3 (9th Cir. 2016); O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008).

In seeking revocation of Plaintiff's in forma pauperis status, Defendants bear the burden of establishing that Plaintiff has three or more strikes within the meaning of section 1915(g), which requires the submission of evidence sufficient to demonstrate at least three prior qualifying dismissals.  Andrews, 398 F.3d at 1120.  "Once the defendants have met this initial burden, the burden then shifts to the prisoner, who must attempt to rebut the defendants' showing by explaining why a prior dismissal should not count as a strike…. [T] prisoner bears the ultimate burden of persuading the court that § 1915(g) does not preclude IFP status."  Id.

**B.     Defendant's Request for Judicial Notice**

Defendants request that the Court take judicial notice of existence and content of the court records from Plaintiff's previous civil court proceedings.  (ECF No. 45, Exs. 1-3.)

It is well established that a court may take judicial notice of its own records.  Trigueros v. Adams, 658 F.3d 983, 987 (9th Cir. 2011); Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006); Chandler v. United States, 378 F.2d 906, 909 (9th Cir. 1967).  Therefore, the court grants Defendant's motion to take judicial notice of court documents.  (ECF No. 45)

**C.     Three or More Strikes Under Section 1915(g)**

1.     Henderson v. Small, Case Number 1:98-cv-05138-DLB (E. D. Cal. February 9, 1998)

Plaintiff filed this section 1983 action on February 9, 1998, in the United States District Court for the Eastern District of California.  The case was dismissed on March 6, 1998, as frivolous.  Defendants submit a printout of the electronic docket (ECF), but do not submit copies of the order dismissing the action.  Defendants also submit a copy of an order entered in Henderson v. CDCR, et

3

al., 1:09-cv-01402-SMS-PC.  The court in that case took judicial notice of case no. 1:98-cv-5138-DLB-PC, counting it as a strike pursuant to 28 U.S.C. § 1915(g).  (ECF No. 45, Ex. 1.)

2. <u>Henderson v. Hamren, Case Number 1:99-cv-5957-AWI-DLB-PC</u>

Plaintiff filed this action on July 7, 1999, in the United States District Court for the Eastern District of California. Plaintiff alleged that he was false charged with a disciplinary violation.  The Court ordered service, and on April 4, 2000, Defendants filed a motion to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that Plaintiff failed to state a claim for relief upon which relief could be granted.   The magistrate judge recommended granting the motion, and on December 22, 2000, an order was entered by the District Court, adopting the findings and recommendations in full and dismissing this action for failure to state a claim upon which relief could be granted.  Plaintiff filed a Notice of Appeal, and on December 9, 2002, an order was entered by the U.S. Court of Appeals for the Ninth Circuit, affirming the decision of the District Court.  (ECF No. 45, Ex. 2.)  The dismissal of this action clearly constitutes a "strike" within the meaning of section 1915(g) as it was explicitly dismissed for failure to state a cognizable claim for relief.  28 U.S.C. § 1915(g).

3. <u>Henderson v. United States, et al., Case Number 2:08-cv-02383-BS-CMK-PC</u>

Plaintiff filed this section 1983 action in the United States District Court for the Eastern District of California on October 8, 2008.  On November 13, 2008, findings and recommendations were entered, finding that Plaintiff failed to state a claim for relief on his claim of denial of access to the courts, and that the deficiency could not be cured by amendment.  On December 29, 2008, an order was entered by the District Court, adopting the findings and recommendations in full, and dismissing this action. (ECF No. 45, Ex. 3.)  Accordingly, the Court finds that this dismissal qualifies as a strike under section 1915(g).

4. <u>Henderson v. Holz, Case Number C 07-0909 SBA (PR)</u>

This section 1983 action was removed from the Del Norte County Superior Court to the United States District Court for the Northern District of California on February 13, 2007.  Plaintiff's claims stemmed from a disciplinary violation and Placement in Administrative Segregation.  On September 2, 2009, an order was entered by the District Court, dismissing the action with prejudice for failure to

4

state a claim upon which relief may be granted. Plaintiff filed a Notice of Appeal, which he dismissed voluntarily. Accordingly, the Court finds that this dismissal qualifies as a strike under section 1915(g).

### D. "Imminent Danger" Exception

If a plaintiff has three strikes under § 1915(g), he may still proceed in forma pauperis if he can show that he was in imminent danger at the time of filing his complaint. Andrews, 493 F.3d at 1053. The "imminent danger" exception "applies if the complaint makes a plausible allegation that the prisoner faced imminent physical danger at the time of filing" the complaint. Id. at 1055. In order to meet the imminent danger exception, Plaintiff must show he is under (1) imminent danger of (2) serious physical injury and which turns on the conditions he faced at the time he filed suit. Andrews, 493 F.3d at 1053-1056. Conditions which posed imminent danger to Plaintiff at some earlier time are immaterial, as are any subsequent conditions. Id. at 1053. While the injury is merely procedural rather than a merits-based review of the claims, the allegations of imminent danger must still be plausible. Id. at 1055.

Nothing in Plaintiff's in forma pauperis application or in his initial complaint suggests that Plaintiff was in imminent danger of physical harm at the time he filed the complaint.[1] Therefore, Defendant has met his burden to show that Plaintiff has three strikes under section 1915(g), and his in forma pauperis status should be revoked.

The burden now shifts to Plaintiff to demonstrate the one or more of the prior dismissal outlined above does not constitute a strike under section 1915(g). Plaintiff argues that "even now Plaintiff is not receiving adequate medical treatment for his chronic pain in his clavicle." (ECF No. 46 at 1.) The allegations of the second amended complaint are that Defendants, employees of the CDCR at CSP Corcoran, interfered with or delayed Plaintiff's medical care on specific occasions in 2011. Plaintiff is now incarcerated at Mule Creek State Prison. Plaintiff's unsubstantiated statement in his

---

[1] In his complaint, Plaintiff alleged that Defendants Jackson and Smith interfered with his prescribed treatment and delayed his medical care, in violation of the Eighth Amendment in 2011, which does not give rise to claim of imminent danger. Plaintiff's allegations do not show that, at the time he filed his complaint, he was in imminent danger of serious physical injury from Defendant's actions which occurred in 2014. See, e.g., Andrews, 493 F.3d at 1055 (the immediate danger of serious physical injury clause is to be assessed at the time of filing the complaint, not at the time of the alleged constitutional violations).

opposition that "the defendant being part of medical staff still interferes with plaintiff care" does not establish evidence that demonstrates that Plaintiff does not have three strikes under section 1915(g) or that the "imminent danger" exception applies.

Further, "[I]t is the circumstances at the time of the filing of the complaint that matters for the purposes of the 'imminent danger' exception to § 1915(g)." Andrews, 493 F.3d at 1053. Removal from the prison system, and likewise transfer to another facility, after the complaint is filed is irrelevant to the § 1915(g) analysis. Id. In the order finding that the second amended complaint stated a claim against Defendants Jackson and Smith, the Court found that Plaintiff did not state a claim against the remaining Defendants for inadequate medical care, or that Plaintiff alleged any facts indicating a denial of medical care. Plaintiff alleged that Defendant Dr. Jackson, his primary care physician, disregarded orders to return Plaintiff to the hospital for surgery on his broken clavicle, resulting in a six month delay of his surgery. Plaintiff alleged that after the December 22, 2011, X-rays revealed that the lateral screws had come out of the bone and Plaintiff requested that a physician other than Dr. Smith perform the surgery, Dr. Smith waited six months to perform the surgery. The Court found that Plaintiff stated a claim on these facts against Defendants Jackson and Smith for delaying his medical care. (ECF No. 34, 6:3-9.) The facts alleged indicate that Plaintiff eventually received the surgery, and the delay caused him further injury. There were no facts alleged indicating that Plaintiff was in imminent danger of serious physical injury at the time the complaint was filed. The second amended complaint on which this action proceeds states a claim for injury resulting from a delay in medical care, which Plaintiff received. There were no facts alleged indicating that Defendants Jackson or Smith engaged in any conduct that put Plaintiff in imminent danger of serious physical injury at the time the complaint was filed. Accordingly, Defendant's motion to revoke Plaintiff's in forma pauperis should be granted.

## III.
## RECOMMENDATIONS

Based on foregoing, it is HEREBY RECOMMENDED that:

1. Defendant's motion to revoke Plaintiff's in forma pauperis status under section 1915(g) be granted; and

    2.      This action be dismissed, without prejudice, unless the Clerk of Court receives the full payment of the filing fee in this action ($400.00) on or before the deadline for filing objections to the Findings and Recommendations.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **September 23, 2016**

UNITED STATES MAGISTRATE JUDGE